IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| v. | |
| RICHARD BALLARD | NO. 03-810 |

DuBois, J.                                                                                                       July 7, 2017

## **MEMORANDUM**

This Court must determine if Richard Ballard's prior convictions still serve as predicate offenses under the Armed Career Criminal Act ("ACCA") in the wake of the United States Supreme Court's invalidation of ACCA's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and clarification on the categorical approach in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In 2006, the Court sentenced Ballard to a term of imprisonment of 180 months, the mandatory minimum required by ACCA. Ballard's classification as an armed career offender was based on three Pennsylvania state law convictions, two for first-degree robbery in 1975 and one for drug trafficking in 1986.

Ballard, now in his sixties and on supervised release, moves to correct his sentence pursuant to 28 U.S.C. § 2255. The Government contends that, because the Court makes this determination on collateral review, Ballard bears the burden of showing that he was sentenced under the invalidated residual clause or that his sentence constitutes a miscarriage of justice. The Court rejects those arguments. For the reasons that follow, the Court grants Ballard's Motion to Correct Sentence under 28 U.S.C. § 2255 and concludes that he is entitled to a resentencing.

1

**I.  BACKGROUND**

At the age of eighteen, in 1975, Ballard pled guilty to two violations of Pennsylvania's first-degree robbery statute, 18 Pa. C.S.A. § 3701(a)(1)(i)-(iii).  In 1986, Ballard was arrested and charged with possession with intent to distribute a controlled substance and subsequently pled guilty to that offense.

Two decades later, on September 2, 2004, Ballard pled guilty to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  Two weeks later, on September 16, 2004, Ballard filed a Motion to Withdraw Guilty Plea (Doc. No. 41).  By Memorandum and Order dated July 18, 2005, this Court granted that Motion as to the count for possession of a firearm in furtherance of a drug trafficking crime.

On March 23, 2006, this Court sentenced Ballard on the remaining two counts of the Indictment.  Ballard's three prior convictions, two for first-degree robbery and one for drug possession, qualified him as an armed career criminal under ACCA.  Ballard was sentenced to the statutory mandatory minimum of 180 months imprisonment on the § 922(g) count, and a concurrent term of 180 months imprisonment on the § 841(a)(1) count.  Ballard also received a five-year period of supervised release on the § 922(g) count, and a concurrent six-year period of supervised release on the § 841(a)(1) count.

On June 15, 2016, Ballard filed a Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 135).  The United States Court of Appeals for the Third Circuit granted Ballard's application under 28 U.S.C. §§ 2244 and 2255 to file a second or successive § 2255 motion on

October 21, 2016, because he presented a prima facie showing that his Motion relied on a new rule of constitutional law made retroactive on collateral review. Ballard's Motion under § 2255 is now fully briefed and ripe for review.[1]

## II.  APPLICABLE LAW

In reviewing Ballard's Motion, this Court must resolve two questions. First, would Ballard's convictions for first-degree robbery under Pennsylvania law qualify as predicate offenses for ACCA if this were a sentencing proceeding? If the Court determines that they would not qualify as predicate offenses at sentencing, the Court must answer a second question: does the nature of collateral review alter that first determination?

Under ACCA, an individual who violates § 922(g) and who has three or more prior convictions for a "serious drug offense" or a "violent felony" is subject to an enhanced penalty— a mandatory minimum term of imprisonment of 15 years and a maximum term of imprisonment of life. 18 U.S.C. § 924(e)(1). The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another ["force clause"]; or
> (ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B) (emphasis added). The italicized language in the Act's definition is known as the "residual clause." In 2015, the Supreme Court held that the residual clause was unconstitutionally vague, reasoning that "[i]nvoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2560. In 2016, that decision was held to be a new substantive

---

[1] The parties agreed that an evidentiary hearing was not required in this case because the issues presented are solely issues of law.

rule of law with retroactive effect on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Based on the ruling in *Welch*, this Court must determine whether Pennsylvania's first-degree robbery statute qualifies under the "force clause" of *Johnson,* specifically whether it "has an element the use, attempted use, or threatened use of physical force against the person of another." In doing so, this Court is required to utilize the categorical approach, as clarified in *Mathis*.

The Pennsylvania first-degree robbery statute states, in relevant part:

(1) A person is guilty of robbery if, in the course of committing a theft, he:
 (i) inflicts serious bodily injury upon another;
 (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
 (iii) commits or threatens immediately to commit any felony of the first or second degree . . .

The Government concedes, as it must in light of *Johnson v. United States*, 559 U.S. 133 (2010), that § 3701(a)(1)(iii) does "not necessarily involve the requisite use of force under ACCA." Gov't. Resp. at 8.

## III. DISCUSSION

The Court first addresses whether Ballard's convictions for first-degree robbery would qualify as predicate offenses under ACCA's force clause at a sentencing proceeding. It then considers whether the procedural posture of this case changes that analysis.

A. <u>Force Clause Analysis</u>

The Court must first determine if the first-degree robbery statute is divisible in this case. If the statute is divisible as the Government contends, the Court may use the modified categorical

4

approach and consult certain documents, referred to as *Shepard* documents,[2] in an attempt to determine the elements of the committed offense and if those elements satisfy the force clause. *See Mathis*, 136 S. Ct. at 2253-54. If the statute is not divisible, as Ballard contends, the Court may only use the categorical approach and assess whether the least culpable conduct under the statute, here "commits or threatens immediately to commit any felony of the first or second degree," satisfies the force clause. *See id.* at 2256-57.

The Government argues that Pennsylvania's first-degree robbery statute is divisible. While the Court disagrees that § 3701(a)(1)(i)-(iii) is divisible in this case,[3] it need not engage in a lengthy analysis on this issue. Even if the Court accepted the Government's argument that § 3701(a)(1)(i)-(iii) is divisible, the Court would only be able to utilize the modified categorical approach, as clarified in *Mathis*.

Using the modified categorical approach, the Court may consider the *Shepard* documents to determine "which element [of the offense] played a part in the defendant's conviction." *Mathis*, 136 S. Ct. at 2253. The Court is not permitted to look at the facts of the offenses. In this case, the only *Shepard* documents available are the judgments for each of Ballard's first-degree robbery convictions and the Pre-sentence Report ("PSR") prepared in advance of Ballard's initial sentencing. The judgments for each of Ballard's convictions reflect only that he pled guilty to "Robbery 3701 F1." Without more detail, the Court is unable to determine the subsection of

---

[2] Under *Shepard v. United States*, 544 U.S. 13 (2005), district courts may consider "conclusive records made or used in adjudicating guilt" and "may inquire as to the 'terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant" in determining if a prior conviction qualifies under ACCA. *United States v. Berrios*, 354 F. App'x 629, 632 (3d Cir. 2009).

[3] *See United States v. Singleton*, No. 10-578-1, 2017 WL 1508955 (E.D. Pa. Apr. 26, 2017) (McHugh, J.) (concluding that the Pennsylvania first-degree robbery statute was not divisible in a case where a "peek" at the *Shepard* documents revealed that all three subsections of the statute were charged).

5

§ 3701(a)(1)(i)-(iii) under which Ballard was convicted. Similarly, the PSR does not provide a subsection of § 3701(a)(1)(i)-(iii) under which Ballard was convicted.

The Court concludes that, even if it adopted the Government's divisibility argument, it could not identify the subsection of the Pennsylvania first-degree robbery statute underlying Ballard's robbery convictions. Because this Court is unable to determine the subsection of the statute underlying Ballard's convictions, it must assume that the convictions could have been based on violations of § 3701(a)(iii). As the Government concedes, that subsection does not involve the requisite use of force. Thus, Ballard's two previous robbery convictions would not qualify as ACCA predicates if this were a sentencing proceeding.[4]

B. <u>Collateral Review</u>

To counter that conclusion, the Government contends that (1) the Court may look at the facts of the offense as included in the PSR and (2) Ballard has the burden of proving that he was sentenced under the invalidated residual clause or must show a "miscarriage of justice" because he is seeking collateral review. The Court considers each argument in turn.

        1. *Facts of the Offense*

The Government contends that this Court may "consider the uncontested facts in the PSR and other court records in determining if the offense of conviction was a violent felony under ACCA's force clause" because the Court is making this determination on collateral review. Gov't Resp. at 26. The Court rejects that argument.

A PSR "can be a *Shepard* document when the defendant does not object to a factual account of a crime therein." *United States v. Doe*, 810 F.3d 132, 147 (3d Cir. 2015). The

---

[4] In a similar case where a first-degree robbery subsection was not specified in the *Shepard* documents, the Government conceded that those robbery convictions would not qualify as ACCA predicates if it was a sentencing proceeding. *See Singleton*, 2017 WL 1508955, at *9.

Government cites *United States v. Siegel*, 477 F.3d 87, 93 (3d Cir. 2007) to support its argument that the uncontested facts in a PSR may be used to determine if an underlying crime involved the use of force. *Id.* ("We agree, and hold that the facts averred in the PSR acceded to by Siegel avoid the 'collateral trial,' and 'judicial factfinding' preempted by the Court's holding in *Shepard*."). However, this Court concludes that the approach used in *Siegel* does not survive the Supreme Court's ruling in *Mathis*. In *Mathis*, the Supreme Court expressly rejected the premise that the modified categorical approach allows judges to consider the facts of the underlying offense, stating:

> the modified approach serves—and serves solely—as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque. It is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could have satisfied the elements of a generic offense.

136 S. Ct. at 2253.

The Supreme Court also stated in *Mathis* that a construction of the ACCA that allowed sentencing judges to "go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense" would "raise serious Sixth Amendment concerns." 136 S. Ct. at 2252. The logic underlying that holding, particularly that "at trial, and still more at plea hearings, [during a prior state proceeding] a defendant may have no incentive to contest what does not matter under the law," *id.*, is relevant at this stage of the proceedings. Yet, the Government urges the Court to engage in just that inquiry—considering the facts of Ballard's state convictions—on collateral review. This Court follows the guidance provided in *Mathis* and will not consider the facts of the offenses contained in the PSR.

7

2. *Burden*

The Government also raises two arguments concerning the burden at the collateral review stage: (1) the burden rests on Ballard to establish that he was sentenced under the residual clause invalidated in *Johnson* and (2) absent a showing that he was sentenced under the residual clause, Ballard must demonstrate that his ACCA sentence was a miscarriage of justice.[5] The Court rejects both arguments.

First, the Government contends that the burden is on Ballard to show that he was sentenced under the residual clause, citing *In re Moore*, 830 F.3d 1268, 1272-73 (11th Cir. 2016). In *Moore*, the United States Court of Appeals for the Eleventh Circuit stated that

> the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence.

*Id.* at 1273. Shortly after that decision, a separate panel of the Eleventh Circuit stated, referencing the above passage, that "[n]ot only is *Moore's* dicta just that—dicta—but it also seems quite wrong." *In re Chance*, 831 F.3d 1335, 1339 (11th Cir. 2016). In that panel's estimation, the court in *Moore* was wrong for two reasons: (1) "it implie[d] that the district judge deciding [the movant's] upcoming § 2255 [could] ignore decisions from the Supreme Court that were rendered since that time in favor of a foray into a stale record" and (2) "[n]othing in the law requires a judge to specify which clause of § 924(c)—residual or elements clause—it relied upon in imposing a sentence." *Id.* at 1340.

---

[5] The standard of proof in a § 2255 proceeding is by a preponderance of the evidence. *See Pazden v. Maurer*, 424 F.3d 303, 313 (3d Cir. 2005); *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013) ("The petitioner bears the burden of proof under § 2255 and must demonstrate his right to relief by a preponderance of the evidence.").

8

This Court agrees with the *Chance* court that imposing the burden on a movant to show that he or she was sentenced under the residual clause is the wrong approach. Instead, this Court joins the United States Court of Appeals for the Fourth Circuit and several district courts in requiring that Ballard show only that the court may have relied on the residual clause in sentencing him. *See United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) ("We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony. Thus, imposing the burden on movants urged by the government in the present case would result in 'selective application' of the new rule of constitutional law announced in *Johnson*, violating 'the principle of treating similarly situated defendants the same.'"); *see also Singleton*, 2017 WL 1508955, at *11; *United States v. Wolf*, No. 04-347-1, 2016 WL 6433151, at *4 (M.D. Pa. Oct. 31, 2016); *Thrower v. United States*, No. 04-0903, 2017 WL 1102871, at *4 (E.D.N.Y. Feb. 13, 2017) (collecting cases). Because the record in this case does not show whether Ballard was sentenced under the residual clause or the force clause, Ballard has met his burden of showing that the court may have relied on the residual clause in sentencing him.

Second, the Government argues that, in the alternative, Ballard must "demonstrate that his ACCA sentence was a miscarriage of justice" by showing actual innocence. Gov't. Resp. at 24. In support of its contention, the Government cites to *Bousley v. United States*, 523 U.S. 614 (1998), and *Schlup v. Delo*, 513 U.S. 298 (1995). Both cases are inapposite. In those cases, the Supreme Court discussed what was necessary to overcome a procedural default. The Government alleges no such procedural default in this case. To the extent the Government suggests this Court should extend the "miscarriage of justice" requirement beyond procedural default cases, the Court declines to do so. This Court will not impose a heightened standard for

relief absent precedent from higher courts on this issue or a compelling justification by the Government. Neither is present in this case.

## IV. CONCLUSION

The Court concludes that Ballard has shown by a preponderance of the evidence that he is entitled to a resentencing. Ballard's Motion to Correct Sentence under 28 U.S.C. § 2255 is therefore granted. A new sentencing hearing will be scheduled in due course. Until resentencing, the sentence imposed on March 23, 2006, remains in effect.

An appropriate order follows.